UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) CIVIL NO. |
| v. | ) |
| | ) JUDGE |
| DIAMOND WRIST WATCH, | ) |
| Defendant. | ) |

## VERIFIED COMPLAINT *IN REM*

Comes now the plaintiff, United States of America, by and through its attorneys, Jerry E. Martin, United States Attorney for the Middle District of Tennessee, and Debra Teufel Phillips, Assistant United States Attorney for said district, and brings this complaint and alleges as follows in accordance with Rule G(2) of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions:

### NATURE OF THE ACTION

1. In this *in rem* civil action the United States of America seeks forfeiture of the following: a diamond wrist watch bearing serial number CC497341 (hereinafter "Defendant Property") pursuant to 21 U.S.C. § 881(a)(6), which authorizes forfeiture of all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter in violation of 21 U.S.C. § 841(a)(1).

1

## THE DEFENDANT IN REM

2. On May 11, 2012, the Defendant Property was found abandoned on the ground in the vicinity of the Vine Hill Apartments, a public-housing facility in Nashville, Tennessee.

3. The Defendant Property is presently in the custody of the United States Marshals Service.

## JURISDICTION AND VENUE

4. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant Property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

5. This Court has *in rem* jurisdiction over the Defendant Property under 28 U.S.C. § 1355(b). Upon the filing of this complaint, the plaintiff requests that the Clerk issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b)(i). The plaintiff will then execute the warrant upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district, and pursuant to 28 U.S.C. § 1395 because the property is located in this district.

## BASIS FOR FORFEITURE

7. The Defendant Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6), because it constitutes a thing of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of 21 U.S.C. § 841 (possession of a controlled substance with intent to sell); or proceeds traceable to a violation of 21 U.S.C. § 841.

8. Pursuant to 21 U.S.C. § 881(h), all right, title and interest in the Defendant Property vests in the United States at the time of the acts giving rise to the forfeiture.

## FACTS

9. The facts and circumstances supporting the forfeiture of the Defendant Property are contained in the Affidavit of Christopher Maga, a copy of which is attached hereto as Exhibit 1 and incorporated as though fully set forth herein.

## CLAIM FOR RELIEF

10. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 9 above.

11. The Defendant Property constitutes a thing of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. § 841(a)(1)(drug trafficking), or proceeds traceable to such a violation.

12. As a result of the foregoing, the Defendant Property is liable to forfeiture and forfeitable to the United States in accordance with 21 U.S.C. § 881(a)(6).

## PRAYER FOR RELIEF

WHEREFORE, the United States of America Prays that the Clerk issue a Warrant for Arrest *In Rem* for the Defendant Property and that the Defendant Property be condemned and forfeited to the United States of America in accordance with the provisions of law; that notice of this action be given to all persons known or thought to have an interest in or right against the Defendant Property; and that the plaintiff be awarded its costs in this action and for such other necessary and equitable relief as this Court deems proper.

Respectfully submitted,
JERRY E. MARTIN (BPR 20193)
United States Attorney for the
Middle District of Tennessee

*signature*

DEBRA TEUFEL PHILLIPS (BPR 011706)
Assistant United States Attorney
110 Ninth Avenue South, Suite A-961
Nashville, Tennessee 37203-3870
Telephone: (615) 736-5151
Attorneys for the United States of America

4

## VERIFICATION

I, Christopher Maga, DEA Task Force Officer, hereby verify and declare under penalty of perjury as provided by 28 U.S.C. § 1746, the following:

That I have read the foregoing Verified Complaint *In Rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are from information gathered by law enforcement officers, as well as my investigation of this case as a Task Force Officer with the Drug Enforcement Administration.

I hereby verify and declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed this __28__ day of September, 2012, at Nashville, Tennessee.

                                                      _____
                                                      Christopher Maga